**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM BEACH DIVISION**

**IN ADMIRALTY**

UNIBANK FOR SAVINGS
a Massachusetts for Profit Corporation,

                                              Case No.

        Plaintiff,

v.

M/Y SUNEETA II, her engines, machinery,
tackle, apparel, boats, furniture, equipment, rigging,
freights, and all other necessary appurtenances, etc.,
*in rem*, and RISHI KUMAR KAPOOR, *in personam,*
and JENNIE ELIZABETH FRANK KAPOOR,
*in personam*

        Defendant(s).

_____/

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, UNIBANK FOR SAVINGS ("Unibank" or "Plaintiff"), by and through the undersigned counsel and files its Verified Complaint and Request for Supplemental Rule C Attachment and Arrest against Defendant, M/Y SUNEETA II a 68' 2023 Princess motor yacht, Hull Identification number VSC72041B323, along with her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc. (the "Vessel"), *in rem*, and Defendants, RISHI KUMAR KAPOOR ("Rishi Kapoor") and JENNIE ELIZABETH FRANK KAPOOR ("Jennie Kapoor") (collectively the "Kapoor Defendants"), *in personam*, and alleges as follows:

## JURSIDICTION, VENUE AND PARTIES

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This case falls under this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C and E of the Supplemental Rules of Certain Admiralty and Maritime Claims and Local Admiralty Rule C of the General Maritime Law of the United States of America.

2.      This Court has supplemental jurisdiction over Count II pursuant to U.S.C. § 1367 because Count II is so related to the claims in Count I that they form the same case or controversy.

3.      Plaintiff, Unibank, is a for profit corporation incorporated under the laws of the State of Massachusetts with its principal office located at 49 Church Street, Whitinsville, Massachusetts 01588, and doing business in the State of Florida.

4.      Defendant, M/Y SUNEETA II, Hull Identification number VSC72041B323, is a 65'2023 Princess motor yacht (the "Vessel").  The Vessel is currently in Palm Beach County, Florida and within the waters of this District.

5.      Defendant, Rishi Kapoor, is a resident of Miami-Dade County, Florida and a citizen of the State of Florida, and is otherwise *sui juris*.

6.      Defendant, Jennie Kapoor, is a resident of Miami-Dade County, Florida and a citizen of the State of Florida, and is otherwise *sui juris*.

7.      The Kapoor Defendants are the record owners of the Vessel.

8.      This Court has *in rem* jurisdiction over the Vessel pursuant to Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims.

9.      Venue is proper within the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1391, and under the General Maritime Law of the United States, as Plaintiff is doing

business within the District and the Vessel is located within this District and the waters of the State of Florida and Palm Beach County.

10.     Upon information and belief, the Vessel remains within the Southern District of Florida and is presently located in Palm Beach County on navigable waters of the United States.

## STATEMENT OF FACTS

11.     On February 6, 2023, Defendants submitted an Application for Financing for the Vessel.  *See* **Exhibit A**, the "Finance Application."

12.     According to Schedule D of the Finance Application, Defendants represented they owned the real property located at 7233 Los Pinos Blvd., Coral Gables, Florida, 33134 ("Los Pinos Property") *free and clear of any mortgages or contracts payable.  See* **Exhibit A.**

13.     On March 13, 2023, based on the representations made by the Kapoor Defendants in the Finance Application, Plaintiff agreed to lend Defendants Four Million Two Hundred Eighty-Two Thousand Two Hundred Thirty-Five and 00/100 Dollars ($4,282,235.00) secured by a First Preferred Ship's Mortgage (the "Ship's Mortgage") on the Vessel, together with the Vessel's engines, equipment and appurtenances, and a security interest in and to other personal property on or about the Vessel.  *See* **Exhibit B**, the Ship's Mortgage.

14.     In exchange for entering into the Ship's Mortgage, Defendants execute a Promissory Note (the "Promissory Note") for Four Million Two Hundred Eighty-Two Thousand Two Hundred Thirty-Five and 00/100 Dollars ($4,282,235.00). *See* **Exhibit C**.

15.     Defendants' representation in paragraph 11 *supra* was false.

16.     On November 18, 2021, a mortgage was secured on the Los Pinos Property in the amount of Four Million Four Hundred Eighty-One Thousand Two Hundred Fifty and 00/100 Dollars ($4,481,250.00) (the "Los Pinos Mortgage"). *See* **Exhibit D.**

17.     On March 3, 2023, twenty-five (25) days after submitting the Finance Application, the Los Pinos Mortgage on the Los Pinos Property was amended and restated to increase the principal amount of the Los Pinos Mortgage from Four Million Four Hundred Eighty-One Thousand Two Hundred Fifty and 00/100 Dollars ($4,481,250.00) to Five Million Four Hundred Thousand and 00/100 Dollars ($5,400,000.00).   *See* **Exhibit E**, the "Amended Los Pinos Mortgage".

18.     Section 24(A) of the Mortgage states, inter alia: "I will be in default if: I have made a false or misleading statement about any important fact in this Mortgage or in the related Promissory Note, application, or any agreement …."

19.     Section 24(A) of the Ship's Mortgage also states: "I will be in default if: … anything else happens that you in good faith and with reasonable cause believe may endanger my ability to pay this Mortgage."

20.     Due to the Kapoor Defendants' false and misleading statements on the Finance Application, Defendants are in default of the Ship's Mortgage and Promissory Note.

21.     In 2023 alone, Defendant RISHI KAPOOR and/or Defendant JENNIE ELIZABETH FRANK KAPOOR have been named as a defendant in four lawsuits filed in Miami-Dade County, Florida which Plaintiff, in good faith and reasonable cause, believes endangers the Kapoor Defendants ability to pay the Ship's Mortgage.[1]

22.     Section 24(B) of the Mortgage states, inter alia: "If I am in default, you may require that the unpaid balance of the amount financed be paid in full with accrued interest…."

23.     Section 24(C) of the Mortgage states:

> You have the right to repossess the Boat without a Court Order if I default under the Promissory Note or this Mortgage.  **Otherwise, you have the right to foreclose in Federal Court under the Maritime Laws of the United**

---

[1] 2023-023102-CA-01; 2023-022189-CA-01; 2023-020285-CA-0; and 2023-019401-CA-01.

**States.  You may demand that I assemble the Boat and all equipment covered by this Mortgage**.

(emphasis added).

24.     Section 24(D) of the Mortgage states: "Provided your repossession of the Boat is accomplished without a breach of peace, I agree to waive all defenses available to me under the Uniform Commercial Code or other applicable laws pertaining to such repossession."

25.     As a result of Defendants' false and misleading statement on the Finance Application, the Kapoor Defendants are in default of the Ship's Mortgage and Plaintiff is entitled to the unpaid balance of the Ship's Mortgage to be paid in full with accrued interest.

26.     Plaintiff alleges the Vessel is liable, *in rem*, for all amounts due under the Ship's Mortgage.

27.     Pursuant to the Commercial Instruments and Maritime Liens Act 46 U.S.C. § 31301 et seq., Plaintiff has a maritime lien against the Vessel, its engines, machinery, boats, anchors, tackle, gear, furnishings, and all necessaries thereto appertaining, for making a fraudulent statement on the Finance Application, which renders Defendants in default of the Mortgage.

28.     All conditions justifying the issuance of a maritime writ of attachment exist in this instance and Plaintiff is entitled to recover the full amount of its claims, plus interest, legal fees and costs from the Vessel *in rem*.

29.     Plaintiff seeks to enforce the amount owed under the Promissory Note and Mortgage through the issuance of an arrest warrant for the Vessel and all necessary *in rem* procedures and proceedings thereafter.

## COUNT I – BREACH OF MORTGAGE AND FORECLOSURE OF MARITIME LIEN AGAINST M/Y SUNEETA II, *in rem*

30.     Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

31.     Plaintiff and Defendants entered into the Ship's Mortgage whereby Plaintiff agreed to lend Defendants Four Million Two Hundred Eighty-Two Thousand Two Hundred Thirty-Five and 00/100 Dollars ($4,282,235.00) in exchange for the Promissory Note and secured by the Ship's Mortgage on the Vessel.

32.     Pursuant to the Ship's Mortgage, the Kapoor Defendants are in default for making a false and misleading statement about any important fact in the Finance Application.

33.     Pursuant to Section 24(C) of the Ship's Mortgage, Plaintiff has the right to foreclose in Federal Court under the Maritime Laws of the United States.

WHEREFORE, Plaintiff, UNIBANK FOR SAVINGS, requests this Court for the following:

a) To enter judgment in favor of Plaintiff against the Kapoor Defendants and M/Y SUNEETA II her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc. *in rem* for damages incurred because of the Kapoor Defendants' default under the Ship's Mortgage, together with prejudgment and post-judgment interest and costs, custodial costs, and for such other relief as deemed just and proper by this Court;

b) That process be issued against the M/Y SUNEETA II her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem*;

c) That all persons having any claim and interest therein may be cited to appear an answer before said matter see that Plaintiff be decreed to have a lien upon the in *rem* Defendant

6

M/Y SUNEETA II, described herein and such lien be foreclosed in accordance with the law and therefore that the Vessel be condemned and sold to pay the amount due and all such other sums owed; and

d) That Plaintiff be permitted to bid the amount of its lien collectively at the sale of said Vessel at a U.S. Marshal's sale. That upon notice of hearing, judgment be entered against the *in rem* Defendant, together with prejudgment interest and costs and such other and further relief as this Court may deem just and proper.

## COUNT II – MORTGAGE FRAUD *in personam*

34.     Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

35.     The Kapoor Defendants submitted the Finance Application to Plaintiff to secure a loan for the Vessel.

36.     On the Finance Application, the Kapoor Defendants knowingly misrepresented to Plaintiff that the Los Pinos Property was owned by the Kapoor Defendants free and clear of all liens.

37.     This misrepresentation is material to the Plaintiff's considerations when agreeing to grant the loan.

38.     Relying on the Kapoor Defendants' representation *supra,* Plaintiff and the Kapoor Defendants entered into the Ship's Mortgage whereby Plaintiff agreed to lend the Kapoor Defendants Four Million Two Hundred Eighty-Two Thousand Two Hundred Thirty-Five and 00/100 Dollars ($4,282,235.00) in exchange for the Promissory Note and secured by the Ship's Mortgage on the Vessel.

39.     The Kapoor Defendants received funds from Plaintiff based on the Kapoor Defendants' misrepresentations.

40.     Because of the Kapoor Defendants' misrepresentations, Plaintiff has suffered damages.

41.     Plaintiff demands a sum in excess of Four Million Two Hundred Thousand ($4,200,000.00) as well as legal fees and expenses that are due and continuing to accrue plus all interest, fees and costs as payment under the Note and Loan Agreement.

WHEREFORE, Plaintiff, requests this Court to enter judgment in favor of Plaintiff against the *in personam* Defendants RISHI KUMAR KAPOOR and JENNIE ELIZABETH FRANK KAPOOR as follows:

a)   for damages to be proven at trial;

b)   all prejudgment and post-judgment interest, attorneys' fees, costs;

c)   and for such other relief as deemed just and proper by this Court.

Dated: October 20, 2023

Respectfully submitted,

*/s/ Nicholas J. Zeher*
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Robert E. Machate, Esq. (Fla. Bar No. 1003050)
ROBERT ALLEN LAW
249 Royal Palm Way, Suite 301
Palm Beach Florida, 33480
Tel.:   (305) 372-3300
Fax:   (305) 379-7018
Email: nzeher@robertallenlaw.com
       rmachate@robertallenlaw.com
       litigation@robertallenlaw.com

*Counsel for Plaintiff*

## **VERIFICATION**

I, Christopher Foley am the President for UNIBANK FOR SAVINGS, the Plaintiff in this action, which is located in the State of Massachusetts.  I am authorized to verify this Verified Complaint *In Rem* for Foreclosure of Maritime Lien (the "Verified Complaint") on behalf of the Plaintiff.

I have read the Verified Complaint and am familiar with the facts and I verify under solemn affirmation that the facts alleged in the foregoing Verified Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October ___20___, 2023

By: _____
*Chris Foley*
DBC5F9037448409B

on Behalf of UNIBANK FOR SAVINGS
CHRISTOPHER FOLEY
President of Unibank